IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 03-98
)
JAMES A. THOMAS )

OPINION

DIAMOND, D.J.

Presently before the court is petitioner James A. Thomas' ("Thomas") Motion to Correct

Sentence Under 28 U.S.C. §2255 (the "§2255 motion"), Supporting Brief and Supplemental Brief

(Document Nos. 88, 96, 105), the government's Response and Supplemental Response thereto

(Document Nos. 99 and 108), and Thomas' Replies (Document Nos. 100 and 110). For the reasons

set forth below, Thomas' §2255 motion will be denied.

I.      **Background**

On March 12, 2003, Thomas was charged in a three-count indictment with the following:

possession with intent to distribute less than 100 grams of heroin, in violation of 21 U.S.C.

§§841(a)(1) and 841(b)(1)(C); possession with intent to distribute less than 500 grams of cocaine,

in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C); and possession of a firearm by a convicted

felon, in violation of 18 U.S.C. §922(g)(1). On April 7, 2004, Thomas changed his plea from not

guilty to guilty to all three counts of the indictment.

Prior to sentencing, a presentence investigation report ("PSIR") was prepared, which

indicated that Thomas had sustained three prior Pennsylvania controlled substance convictions that

qualified as "serious drug offenses" under the Armed Career Criminal Act ("ACCA"). See 18

U.S.C. §924(e)(2)(A). As a result, the court found that defendant was an armed career criminal who was subject to a statutory mandatory minimum term of 15 years imprisonment and that the advisory guideline sentencing range was 188 to 235 months imprisonment.

On January 18, 2005, Thomas was sentenced to three concurrent terms of 180 months imprisonment followed by a 6-year term of supervised release. Thomas subsequently filed an appeal challenging the denial of his motion to withdraw his guilty plea. The United States Court of Appeals for the Third Circuit found no abuse of discretion in this court's denial of Thomas' motion and affirmed.

Following the Supreme Court's decisions in Descamps v. United States, 133 S.Ct. 2276 (2013)[1] and Mathis v. United States, 136 S.Ct. 2243 (2016),[2] Thomas filed the §2255 motion arguing that his three prior Pennsylvania controlled substance convictions no longer qualify as "serious drug offenses" under the ACCA. For reasons we explain below, Thomas is incorrect and therefore he is not entitled to relief under §2255.[3]

---

[1]In Descamps, the Supreme Court held that courts may not apply the modified categorical approach to sentencing under the ACCA when the crime of which the defendant was convicted has a single, indivisible set of elements.

[2]The Supreme Court held in Mathis that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense.

[3]Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record conclusively negates the factual predicates asserted in support of a §2255 motion, and if the petitioner would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the court does not abuse its discretion by electing not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. In this case, the court finds no need for an evidentiary hearing as the record affirmatively establishes that Thomas is not entitled to relief as a matter of law.

## II. Standard of Review

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. §2255(a). As a collateral challenge, a motion under 28 U.S.C. §2255 is reviewed much less favorably than a direct appeal of the sentence. United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014). In general, §2255 is a vehicle to cure only jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice" or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

## III. Discussion

In view of this standard, and for reasons explained below, Thomas is not entitled to relief under §2255 because his three prior Pennsylvania controlled substance convictions remain "serious drug offenses" under the ACCA.

As stated, one of the offenses to which Thomas pled guilty in this case was possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1). The ACCA imposes a 15-year mandatory minimum sentence of imprisonment for an individual who violates §922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, committed on different occasions. See 18 U.S.C. §924(e)(1). As relevant here, a "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled

Substances Act (21 U.S.C. §802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. §924(e)(2)(A)(ii).

In Thomas' case, the PSIR identified three of Thomas' prior Pennsylvania state court convictions as meeting the definition of a serious drug offense: (1) a 1991 conviction for delivering heroin (PSIR ¶41) (hereinafter, the "1991 heroin conviction"); (2) a 1993 conviction for possession with intent to deliver cocaine (PSIR ¶42) (hereinafter, the "1993 cocaine conviction"); and (3) a 2000 conviction for possession with intent to deliver cocaine (PSIR ¶43) (hereinafter, the "2000 cocaine conviction"). As a result, the court determined that Thomas had sustained at least three prior convictions of a serious drug offense, which subjected him to a mandatory minimum sentence of 15 years imprisonment under the ACCA. See Memorandum Order and Tentative Findings and Rulings (Document No. 45), ¶14.

Following the Supreme Court's rulings in Descamps and Mathis, Thomas filed the §2255 motion arguing that his prior Pennsylvania convictions of delivery or possession with intent to deliver a controlled substance do not qualify as serious drug offenses under the ACCA. According to Thomas, the elements of Pennsylvania's drug statute sweep more broadly than the generic serious drug offense, thus it is categorically not an ACCA predicate because the particular controlled substance involved is not a fact that jurors must unanimously find beyond a reasonable doubt, but rather a means of satisfying the "controlled substance" element. See Supplemental Brief Addressing the Impact of *Mathis* and *Welch* on Thomas' Motion to Vacate Sentence Under 28 U.S.C. §2255 (Document No. 105) at 4. As a result, Thomas contends that he does not have the three necessary predicate convictions of a serious drug offense (or a violent felony) to qualify as an armed career criminal, and he is not subject to the enhanced 15-year mandatory term of

AO 72
(Rev. 8/82)

imprisonment under the ACCA. Thomas is incorrect.[4]

Thomas' 1991 heroin conviction, 1993 cocaine conviction and 2000 cocaine conviction involved violations of Pennsylvania's Controlled Substance Act, which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act . . . ." 35 P.S. §780-113(a)(30). A person who violates §780-113(a)(30) with respect to heroin is subject to not more than 15 years imprisonment, and a person who violates §780-113(a)(30) with respect to cocaine is subject to not more than 10 years imprisonment. See 35 P.S. §§780-113(f)(1) and (f) (1.1).

Following the Supreme Court's decision in Descamps, the United States Court of Appeals for the Third Circuit ruled in United States v. Abbott, 748 F.3d 154, 160 (3d Cir. 2014), that a conviction under 35 P.S. §780-113(a)(30) for possession with intent to distribute cocaine is a "serious drug offense" and properly serves as a predicate offense for imposition of the 15-year minimum sentence under the ACCA.[5] Thus, both Thomas' 1993 cocaine conviction and 2000 cocaine conviction qualify as serious drug offenses for ACCA purposes.

Likewise, Thomas' 1991 heroin conviction is a serious drug offense under the ACCA. Following the Supreme Court's decision in Mathis, the Third Circuit held that a conviction under 35 P.S. §780-113(a)(30) for possession with intent to deliver heroin is a serious drug offense within the meaning of the ACCA. See Henderson, 841 F.3d at 632.

Because all three of Thomas' prior convictions involved distributing or possessing with intent to distribute a controlled substance in violation of Pennsylvania law for which a maximum

---

[4]Although we find that Thomas is not entitled to relief under §2255, we note that according to the Federal Bureau of Prisons Inmate Locator, he was released from incarceration on June 16, 2016, while this matter was pending.

[5]After the Supreme Court's more recent decision in Mathis, the Third Circuit made clear that Abbott remains good law. See United States v. Henderson, 841 F.3d 623, 629 n.5 (3d Cir. 2016).

AO 72
(Rev. 8/82)

term of imprisonment of ten years or more is prescribed by law, each conviction correctly was deemed a "serious drug offense" under the ACCA. See 18 U.S.C. §924(e)(2)(A)(ii). As a result, Thomas was subject to a mandatory term of 15 years imprisonment, see id., §924(e)(1), and this court's sentence of three concurrent terms of 180 months imprisonment was proper.

## IV.  Conclusion

For all of the foregoing reasons, Thomas' §2255 motion fails to raise any meritorious claim and must be denied as a matter of law.

According to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, when a final order denying a motion under §2255 is entered, the district court must determine whether a certificate of appealability should issue. Congress has mandated that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). As the foregoing makes clear, Thomas' §2255 motion does not identify any basis which could support a substantial showing of the denial of a constitutional right, thus a certificate of appealability will not be issued in this case.

An appropriate order will follow.

s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date:  December 21, 2016

cc:  Jane Dattilo
Assistant U.S. Attorney

Renee Pietropaolo
Assistant Federal Public Defender